**HOMESTATE SAVINGS ASSOCIATION, Appellant,**

v.

**WESTWIND EXPLORATION, INC., Appellee.**

No. 11–84–212–CV.

Court of Appeals of Texas, Eastland.

Jan. 17, 1985.

Rehearing Denied Jan. 31, 1985.

R. Temple Dickson, Moore, Dickson, Roberts & Ratliff, Inc., Sweetwater, Paul D. Clote, Shrader & York, Houston, for appellant.

Don M. Connally, Norvell & Connally, Abilene, for appellee.

DICKENSON, Justice.

The controlling issue is whether a letter of credit issued by Homestate Savings Association in favor of Westwind Exploration, Inc. covered: (1) all balances due to Westwind from International Crude Corporation;[1] or (2) only balances due to Westwind from International Crude Corporation for the delivery of crude oil during the month of August, 1982.[2] Following a trial by jury, judgment was rendered that West-

---

1. If the letter of credit covers all balances due to Westwind from International Crude, the presentment for payment complies with its terms.

2. If the letter of credit only covers balances due for the month of August, 1982, the presentment for payment was not in compliance with its terms.

wind recover $124,000 plus interest and attorney's fees. Homestate appeals. We reverse and render.

In answer to the two special issues the jury found: (1) Homestate Savings Association wrongfully refused to pay Letter of Credit No. 321 dated August 3, 1982, as amended, upon presentment for payment by Westwind Exploration, Inc. on November 26, 1982; and (2) a reasonable attorney's fee for Westwind Exploration, Inc. would be $7,300.

Homestate has briefed eight points of error. Point 1 argues that the trial court erred in rendering judgment for Westwind because "as a matter of law, Westwind did not strictly comply with all terms and conditions of the letter of credit." We sustain this point, and we need not discuss the other points of error. The cross-points of appellee have been considered, and they are overruled. The trial court did not abuse its discretion in refusing to permit a trial amendment which would have changed the nature of the lawsuit in the middle of the trial. Consequently, there were no pleadings of ambiguity or seeking reformation.

The recent case of *Temple-Eastex, Incorporated v. Addison Bank*, 672 S.W.2d 793 at 795 (Tex.1984), makes it clear that the issuer would be liable under the letter of credit "only if a proper presentment and demand for payment were made," and that case also makes it clear that those documents must show that the beneficiary of the letter of credit has "strictly" complied with the conditions of payment before it is entitled to receive payment thereunder. Letters of credit are governed by the construction rules of ordinary contracts and are construed most strictly against the issuer. *Temple-Eastex, Incorporated v. Addison Bank*, supra at 798. However, the objective intent of the parties must be ascertained from the terms of the letter of credit itself. *City of Pinehurst v. Spooner Addition Water Company*, 432 S.W.2d 515 at 518 (Tex.1968),

makes it clear that: (1) "the construction of the written instrument is a question of law for the Court;"[3] (2) "the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls;" and (3) "generally the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement."

The letter of credit in this case was issued to Westwind Exploration, Inc. by Homestate Savings Association on August 3, 1982, in the amount of $124,000, showing an expiration date of September 27, 1982, listing International Crude Corp. as applicant, and being further identified as Irrevocable Letter of Credit No. 321. The body of the letter contained the following terms and conditions:

Funds under this letter of credit are available to you against your draft(s) drawn on us, but not prior to September 22, 1982, mentioning thereon our Letter of Credit No. 321 accompanied by the following:

(1) Your officially signed statement by an officer of Westwind Exploration, Inc. certifying that the amount drawn hereunder represents balances due them from International Crude Corp. has been outstanding for more than 24 hours and has not been received.

(2) Copy of run statements/tickets evidencing *delivery of crude oil to International Crude Corp. during the month of August, 1982.* (Emphasis added)

(3) *Beneficiary can draw only on the amount due them,* after any or all taxes connected with *this oil* are deducted by International Crude Corp. (Emphasis added)

We hereby engage with drawers that drafts drawn under and in compliance with the terms and conditions of this letter of credit will be duly honored upon presentation.

This letter of credit is subject to the uniform customs and practice for docu-

---

3. Consequently, the jury's finding of a wrongful refusal to pay is immaterial.

mentary credits (1974 revision) International Chamber of Commerce Brochure No. 290.

There were two amendments to the letter of credit. First, the expiration date was extended to October 28. Second, the expiration date was extended to November 29. Each of the amendments specifically provided that: "All other terms and conditions shall remain the same."

■ By letter dated November 26, 1982, Westwind attempted to draw a draft for $124,000 against Homestate's Letter of Credit No. 321 certifying that the amount drawn "represents balances due ... that have been outstanding for more than 24 hours and have not been received." The supporting evidence consisted of crude oil run statements from International Crude Corporation for "crude oil purchased in the months of July, August, September and October 1982." Since the evidence shows the draft was not merely for the August oil (guaranteed by the letter of credit) but was also for July oil (prior to the effective date of the letter of credit) and for September and October oil (subsequent to the August oil deliveries which were guaranteed by the letter of credit), we hold that the evidence conclusively shows that the presentment and demand for payment covered oil which was not guaranteed by the letter of credit. These documents show on their face that "as a matter of law, Westwind did not strictly comply with all terms and conditions of the letter of credit." Consequently, Homestate's motion for judgment non obstante veredicto should have been sustained.

■ Westwind contends, as indeed it must, that the presentment would have complied with the terms of the letter of credit if Westwind furnished Homestate with a copy of a run statement showing the delivery of a single barrel of oil during the month of August. We are unable to accept this contention. Westwind would have us read numbered paragraph one by itself, covering all balances due Westwind from International Crude which have been outstanding for more than 24 hours. Since we must ascertain the objective intent of the letter of credit by giving effect to all of its clauses, *City of Pinehurst v. Spooner Addition Water Company,* supra, we cannot ignore numbered paragraphs two and three. When the three paragraphs are read together, it seems clear that the letter of credit covers: (1) outstanding balances due for more than 24 hours; (2) for crude oil delivered during the month of August, 1982; (3) after all taxes connected with this oil are deducted.

The judgment of the trial court is reversed, and we render judgment that Westwind Exploration, Inc. take nothing by its suit and that Homestate Savings Association be discharged from all liability on Letter of Credit No. 321.

RALEIGH BROWN, Justice, dissenting.

I dissent. The essential purpose of a letter of credit is to insure payment to the beneficiary. This obligation of the issuer to pay upon presentment of conforming documents is independent of the underlying contractual relationship between the customer and the beneficiary. The issuer deals in documents and not goods, and when conforming documents are presented, payment must be made. *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth,* 578 S.W.2d 109 (Tex. 1978); TEX.BUS. & COM.CODE ANN. sec. 5.114(a) (Vernon 1968). Further, a letter of credit and underlying contract giving rise to the transaction cannot be construed together for the purpose of adding obligations in addition to those specifically set out in the letter of credit. *Summit Insurance Company of New York v. Central National Bank of Houston,* 624 S.W.2d 222 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *Dulien Steel Products, Inc., of Washington v. Bankers Trust Company,* 298 F.2d 836 (2nd Cir.1962); *Siderius, Inc. v. Wallace Company, Inc.,* 583 S.W.2d 852 (Tex.Civ.App.—Tyler 1979, no writ).

A fair and reasonable reading of paragraph one in the letter of credit reflects that the purpose of said letter was to in-

**792**

sure payment of balances due Westwind Exploration, Inc. from International Crude Corporation which had been outstanding for more than 24 hours and not received. There is no limitation in that paragraph restricting Homestate's obligation for payment of balances due for August only. Further, the expiration date was significantly extended which expresses an intention on Homestate's part to extend its liability.

Paragraphs two and three set forth additional accompanying documents to be furnished by Westwind. Such documents do require evidence of runs for August 1982 but do not suggest an improper presentment if other documents are furnished. Whether Westwind strictly complied with requirements of the letter of credit was a question for the jury. *H. Ray Baker, Inc. v. Associated Banking Corp.*, 592 F.2d 550 (9th Cir.1979); *Chase Manhattan Bank v. Equibank*, 550 F.2d 882 (3rd Cir.1977). The jury found that Westwind did strictly comply with the terms of the letter of credit.

Construing the letter of credit most strictly against the issuer as we must, I would hold that Homestate's obligation to Westwind is not restricted to payments of balances for August only. *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth*, supra. The majority concludes that as a matter of law the objective intent of the parties was that only payment for August oil was guaranteed by the letter of credit. I do not agree with such conclusion. I would affirm the judgment.